UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>MIIHRAN MELKONYAN,<br>RUSLAN KIRILYUK, and<br>ALEKSANDR MASLOV,<br><br>        Defendants. | No.  2:14-cr-0083-GEB<br><br>**ORDER RESPONDING TO MOTIONS IN LIMINE** |

        Pending are cross motions in limine. Defendant Mihran Melkonyan moves "to exclude from evidence at trial any indication that he fled to Mexico after learning about the investigation or charges against him in this case." Def's Mot. at 1:16-17, ECF No. 134. The United States opposes the motion, arguing that "evidence of flight . . . should be admitted . . . to show consciousness of guilt." Gov't's Opp'n at 1:17-20, ECF No. 138. The United States also moves in limine to have "admit[ted] evidence of Mihran Melkonyan's flight and approximately year-long fugitive status in order help establish consciousness of guilt." Gov't's Mot. at 1:17-18, ECF No. 135.

        "The probative value of flight evidence depends on the degree with which inferences can be drawn: '(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of

1

guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.'" United States v. Fox, 627 F. App'x 608, 609 (9th Cir. 2015) (quoting United States v. Felix-Gutierrez, 940 F.2d 1200, 1207 (9th Cir. 1991)).

The United States asserts in its motion:

> Melkonyan's actions also show he was fleeing. Almost immediately after the search warrants [were executed], Melkonyan left his home and his family, and . . . fled to Mexico. When he returned to the United States approximately one year later, Melkonyan was caught on video recordings acting furtively in a manner consistent with someone who was trying to avoid being seen.

Gov't's Mot. at 3:4-7.

The United States also asserts in its motion:

> [T]he timing of [Melkonyan's] actions can show that he was engaged in flight because of the charged crime. . . .  For that reason, "flight immediately after the commission of the crime, or immediately prior to trial, both support an inference of consciousness of guilt."

Id. at 3:13-16 (quoting United States v. Hernandez-Miranda, 601 F.2d 1104, 1107 (9th Cir. 1979)).

An inference of Melkonyan's consciousness of guilt can be drawn from the government's factional assertions. Therefore, Defendant Mihran Melkonyan's motion is denied and the government's motion is granted.

Further, the January 27, 2017 hearing on this motion is vacated.

Dated:  January 24, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge