UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0083-GEB |
| Plaintiff, | |
| v. | **PROPOSED VOIR DIRE, INITIAL JURY INSTRUCTIONS, CLOSING JURY INSTRUCTIONS, AND DURING TRIAL INSTRUCTIONS IF APPLICABLE** |
| MIHRAN MELKONYAN, RUSLAN KIRILYUK, and ALEKSANDR MASLOV, | |
| Defendants. | |

Attached are the proposed Voir Dire, Initial Jury Instructions, Closing Jury Instructions, and During Trial Instructions If Applicable.

Dated:  January 26, 2017

_____

GARLAND E. BURRELL, JR.
Senior United States District Judge

1

1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,          No. 2:14-cr-0083-GEB

8              Plaintiff,

9         v.                            **VOIR DIRE**

10   MIHRAN MELKONYAN, RUSLAN
     KIRILYUK, and ALEKSANDR
11   MASLOV,

12             Defendants.

13

14              Good morning and welcome to the United States District

15   Court.   Thank you for both your presence and your anticipated

16   cooperation in the questioning process we are about to begin.

17   You are performing an important function in our legal system.

18              The court personnel who will assist me in this trial

19   are on the platform below me.   The Courtroom Deputy is Shani

20   Furstenau.   Next to her is the Certified Court Reporter.   Ms.

21   Furstenau please administer the oath to the prospective jurors.

22              We are about to begin what is known as voir dire.   Voir

23   dire consists of questions designed to provide the court and the

24   parties with information about each potential juror.   After

25   questioning is complete, the parties will exercise what are known

26   as peremptory challenges.

27              1.   Counsel, the Jury Administrator has already

28   randomly selected potential jurors and their names are on the

sheet you have been given in the order of the random selection. Each potential juror has been placed in his or her randomly selected seat, and each juror has been given a large laminated card on which the number is placed that depicts the order in which the juror was randomly selected.

2.   I will ask the potential jurors questions as a group.  If a potential juror has a response, he or she shall raise the laminated card.  Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the juror in the lowest numbered seat will respond first.  If no card is raised, I will simply state "no response" and then ask the next question.  If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response.  That could expedite the process.

3.   If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors.   I'm authorized to try to protect legitimate privacy interest, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated.   This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4.   The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately three weeks days, after which the case will be submitted to the jury for jury deliberation.   Trial will be

3

1    conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m.

2    to about 4:30 p.m., except for Thursday February 23, 2017.

3    However, once you commence jury deliberations, you will be

4    expected to deliberate every day except weekends until you

5    complete your deliberations.  Does the schedule pose a special

6    problem for any prospective juror?

7         5.   Counsel may make any desired introductions and the

8    government should name anticipated witnesses it may call so it

9    can be determined whether any potential jury knows or has

10   interacted with a person mentioned.

11        6.   In this case, defendants Mihran Melkonyan, Ruslan

12   Kirilyuk, and Aleksandr Maslov are charged by the superseding

13   indictment with Wire Fraud and Mail Fraud.  Ruslan Kirilyuk is

14   also charged with one count of Aggravated Identity Theft.  The

15   superseding indictment alleges that between approximately October

16   5, 2011 and March 5, 2014, the defendants worked together in a

17   credit card billing scheme that involved creating approximately

18   71 fake companies and then charging stolen and misappropriated

19   credit card numbers for goods and services that the fake

20   companies did not provide.  After billing the cards, the

21   defendants transferred the money from the fraudulent sales to

22   bank accounts the defendants controlled, and then withdrew the

23   money through ATM transactions and point-of-sale purchases.  In

24   the course of carrying out this scheme, the defendants used

25   interstate wire transmissions to complete the ATM transactions

26   and the U.S. mails to receive mail in furtherance of the fraud.

27   The defendants deny these allegations.

28        7.   Is there anything about any allegation which

1    causes you to feel that you might not be a fair juror in this
2    case?

3          8.   Were you aware of an allegation involved in this
4    case before you came into this courtroom?

5          9.   Do you prefer not being a juror on this case?

6          10.  Is there anything about any allegation which
7    causes you to feel that you might not be a fair juror in this
8    case?

9          11.  In this case, the government alleges that the
10   identities of students in the San Juan Unified School District
11   were stolen and used to open fraudulent businesses.  Have you,
12   any member of your family, or any close friend attended school or
13   worked in the San Juan Unified School District?

14         a. Is there anything about what you said that would
15   make it difficult for you to be fair to either side in this case.

16         12. It is also alleged that the defendants used stolen
17   or misappropriated credit card information in order to place
18   fraudulent charges on people's credit cards.  Have you, any
19   member of your family, or any close friend ever had credit card
20   information stolen or used, or been the victim of identity theft?

21         a. If yes, what occurred?

22         b. Is there anything about that experience that would
23   make it difficult for you to be fair to either side in this case?

24         13. Have you worked in the banking, credit card, or
25   fraud prevention industries?

26         14. Have you, any member of your family, ever had an
27   American Express credit card?

28
                                  5

1      a. An American Express credit card is involved with
2  certain allegations in this case.  Does that it difficult for you
3  to be fair to either side in this case?

4      15.  Do you have any religious or moral objection to
5  sitting in making credibility determinations or sitting judgment
6  of another's conduct?

7      16.  Have you, any member of your family, or any close
8  friend ever been arrested or charged for a crime or been a
9  defendant in a criminal case?

10      a. Could that have a bearing on your ability to be a
11  fair and impartial juror in this case?

12      17.  Have you ever served as a juror in the past?

13      a. State whether it was a civil or criminal case, and
14  state whether the jury reached a verdict, but do not state the
15  actual verdict reached.

16      18.  Have you, any member of your family, or any close
17  friend ever been employed by a law enforcement agency?

18      19.  Some of the witnesses in this case will be
19  employees of internal security or internal investigations with
20  federal government agencies and other organizations.  Have you, a
21  family member or close friend, worked for internal security or
22  internal investigations within a company or agency?

23      20.  Would you tend to believe the testimony of a
24  witness just because that witness is or was an internal security
25  or internal investigation officer a law enforcement officer?

26      21.  Would you tend to disbelieve the testimony of a
27  witness just because that witness is or was an internal security
28  or internal investigation officer?

6

1    22.  You are required to apply the law I will give you

2   even if you believe a different law should apply.  If you cannot

3   agree to what I just said, please raise your hand.

4    23.  Do you have any difficulty with the rule of law

5   that a person charged with a crime is presumed innocent and need

6   not present any evidence, and the government at all times bears

7   the burden of proving guilt beyond a reasonable doubt?

8    24.  Do you have any problem with the rule of law that

9   a defendant need not testify on his own behalf, and that if a

10  defendant chooses not to testify, that factor may not be

11  considered by you in your deliberations?

12    25.  Is there anything that we have not discussed that

13  you believe could have a bearing on your ability to be a fair and

14  impartial juror in this case?

15    26.  The Courtroom Deputy Clerk will give juror in seat

16  number one a sheet on which there are information we seek.

17  Please pass the sheet to a potential juror near you after you

18  respond.

19    a. your name and educational background;

20    b. the educational background of any person residing

21    with you;

22    c. your present and former occupations;

23    d. the present and former occupations of any person

24    residing with you.

25

26

27

28

7

1

2

3

4                     UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,          No. 2:14-cr-0083-GEB

8                 Plaintiff,

9        v.                            **INITIAL INSTRUCTIONS**

10  MIHRAN MELKONYAN, RUSLAN
    KIRILYUK, and ALEKSANDR
11  MASLOV,

12                Defendants.

13

14                       **INSTRUCTION NO. 1**

15           Jurors:  You now are the jury in this case, and I want

16  to take a few minutes to tell you something about your duties as

17  jurors and to give you some initial instructions.  At the end of

18  the trial I will give you more detailed instructions that will

19  control your deliberations.  When you deliberate, it will be your

20  duty to weigh and to evaluate all the evidence received in the

21  case and, in that process, to decide the facts.  To the facts as

22  you find them, you will apply the law as I give it to you,

23  whether you agree with the law or not.  You must decide the case

24  solely on the evidence and the law before you and must not be

25  influenced  by  any  personal  likes  or  dislikes,  opinions,

26  prejudices, or sympathy.  Please to not take anything I may say

27  or do during the trial as indicating what I think of the evidence

28  or what your verdict should be—that is entirely up to you.

**INSTRUCTION NO. 2**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

**INSTRUCTION NO. 3**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

1

**INSTRUCTION NO. 4**

2          A language other than English will be used for some
3  evidence during this trial.  When a witness testifies in another
4  language, the witness will do so through an official court
5  interpreter.  When recorded evidence is presented in another
6  language, there will be a translation of the recording.

7          The evidence you are to consider and on which you must
8  base your decision is only the English-language translation
9  provided through the official court translators.  Although some
10 of you may know the non-English language used, you must disregard
11 any meaning of the non-English words that differs from the
12 official translation.

13         You must not make any assumptions about a witness or a
14 party based solely upon the use of an interpreter to assist that
15 witness or party.

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 5**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

1

**INSTRUCTION NO. 6**

2          Evidence may be direct or circumstantial. Direct

3    evidence is direct proof of a fact, such as testimony by a

4    witness about what that witness personally saw or heard or did.

5    Circumstantial evidence is indirect evidence, that is, it is

6    proof of one or more facts from which one can find another fact.

7          You are to consider both direct and circumstantial

8    evidence. Either can be used to prove any fact. The law makes

9    no distinction between the weight to be given to either direct or

10   circumstantial evidence. It is for you to decide how much weight

11   to give to any evidence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 7**

2          There are rules of evidence that control what can be
3  received in evidence.  When a lawyer asks a question or offers an
4  exhibit in evidence and a lawyer on the other side thinks that it
5  is not permitted by the rules of evidence, that lawyer may
6  object.   If I overrule the objection, the question may be
7  answered or the exhibit received.  If I sustain the objection,
8  the question cannot be answered, or the exhibit cannot be
9  received.  Whenever I sustain an objection to a question, you
10 must ignore the question and must not guess what the answer would
11 have been.

12          Sometimes I may order that evidence be stricken from
13 the record and that you disregard or ignore the evidence.  That
14 means that when you are deciding the case, you must not consider
15 the evidence that I told you to disregard.

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

15

1       **INSTRUCTION NO. 9**

2              I will now say a few words about your conduct as

3   jurors.

4              First, keep an open mind throughout the trial, and do

5   not decide what the verdict should be until you and your fellow

6   jurors have completed your deliberations at the end of the case.

7              Second, because you must decide this case based only on

8   the evidence received in the case and on my instructions as to

9   the law that applies, you must not be exposed to any other

10  information about the case or to the issues it involves during

11  the course of your jury duty.  Thus, until the end of the case or

12  unless I tell you otherwise:

13             Do not communicate with anyone in any way and do not

14             let anyone else communicate with you in any way about

15             the merits of the case or anything to do with it.  This

16             includes discussing the case in person, in writing, by

17             phone or electronic means, via email, via text

18             messaging, or any Internet chat room, blog, website or

19             application, including but not limited to Facebook,

20             YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any

21             other forms of social media.  This applies to

22             communicating with your fellow jurors until I give you

23             the case for deliberation, and it applies to

24             communicating with everyone else including your family

25             members, your employer, the media or press, and the

26             people involved in the trial, although you may notify

27             your family and your employer that you have been seated

28             as a juror in the case, and how long you expect the

trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.  Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved——including the parties, the witnesses or the lawyers——until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the

17

1  courtroom, or gain any information through improper

2  communications, then your verdict may be influenced by

3  inaccurate, incomplete or misleading information that has not

4  been tested by the trial process. Each party is entitled to a

5  fair trial by an impartial jury, and if you decide the case based

6  on information not presented in court, you will have denied the

7  parties a fair trial. Remember, you have taken an oath to follow

8  the rules, and it is very important that you follow these rules.

9         A juror who violates these restrictions jeopardizes the

10  fairness of these proceedings, and a mistrial could result that

11  would require the entire trial process to start over. If any

12  juror is exposed to any outside information, please notify the

13  court immediately.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 10**

2          At the end of the trial you will have to make your

3 decision based on what you recall of the evidence.  You will not

4 have a written transcript of the trial.  I urge you to pay close

5 attention to the testimony as it is given.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 11**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.   Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes shall be left on the seat you now occupy.

Whether or not you take notes, you should rely on your own memory of the evidence.   Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 12**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

1

2

3

4                          UNITED STATES DISTRICT COURT

5                         EASTERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,              No. 2:14-cr-0083-GEB

8                  Plaintiff,

9         v.                                **CLOSING INSTRUCTIONS**

10   MIHRAN MELKONYAN, RUSLAN
     KIRILYUK, and ALEKSANDR
11   MASLOV,

12                Defendants.

13

14                          **INSTRUCTION NO. 1**

15            Members of the jury, now that you have heard all the

16   evidence, it is my duty to instruct you on the law that applies

17   to this case.  A copy of these instructions will be available in

18   the jury room for you to consult.

19            It is your duty to weigh and to evaluate all the

20   evidence received in the case and, in that process, to decide the

21   facts.  It is also your duty to apply the law as I give it to you

22   to the facts as you find them, whether you agree with the law or

23   not.  You must decide the case solely on the evidence and the law

24   and must not be influenced by any personal likes or dislikes,

25   opinions, prejudices, or sympathy.  You will recall that you took

26   an oath promising to do so at the beginning of the case.

27            You must follow all these instructions and not single

28   out some and ignore others; they are all important.  Please do

                                    22

not read into these instructions or into anything I may have said
or done any suggestion as to what verdict you should return—that
is a matter entirely up to you.

1    **INSTRUCTION NO. 2**

2         The superseding indictment is not evidence.  The

3    defendants have pleaded not guilty to the charges.  The

4    defendants are presumed to be innocent unless and until the

5    government proves the defendants guilty beyond a reasonable

6    doubt.  In addition, the defendants do not have to testify or

7    present any evidence to prove innocence.  The government has the

8    burden of proving every element of the charges beyond a

9    reasonable doubt.

**INSTRUCTION NO. 3**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant[s] did not testify.

1                          **INSTRUCTION NO. 4**

2              The defendant[s] [has] [have] testified.  You should

3     treat this testimony just as you would the testimony of any other

4     witness.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO.5**

2          Proof beyond a reasonable doubt is proof that leaves
3    you firmly convinced the defendant is guilty.  It is not required
4    that the government prove guilt beyond all possible doubt.

5          A reasonable doubt is a doubt based upon reason and
6    common sense and is not based purely on speculation.  It may
7    arise from a careful and impartial consideration of all the
8    evidence, or from lack of evidence.

9          If after a careful and impartial consideration of all
10   the evidence, you are not convinced beyond a reasonable doubt
11   that the defendant is guilty, it is your duty to find the
12   defendant not guilty.  On the other hand, if after a careful and
13   impartial consideration of all the evidence, you are convinced
14   beyond a reasonable doubt that the defendant is guilty, it is
15   your duty to find the defendant guilty.

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 6**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

**INSTRUCTION NO. 7**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

**INSTRUCTION NO. 8**

2          Evidence may be direct or circumstantial.  Direct

3    evidence is direct proof of a fact, such as testimony by a

4    witness about what that witness personally saw or heard or did.

5    Circumstantial evidence is indirect evidence, that is, it is

6    proof of one or more facts from which you can find another fact.

7          You are to consider both direct and circumstantial

8    evidence.  Either can be used to prove any fact.  The law makes

9    no distinction between the weight to be given to either direct or

10   circumstantial evidence.  It is for you to decide how much weight

11   to give to any evidence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                        **INSTRUCTION NO. 9**

2              In  deciding  the  facts  in  this  case,  you  may  have  to

3      decide  which  testimony  to  believe  and  which  testimony  not  to

4      believe.  You  may  believe  everything  a  witness  says,  or  part  of

5      it, or none of it.

6              In  considering  the  testimony  of  any  witness,  you  may

7      take into account:

8              (1)  the  witness's  opportunity  and  ability  to  see  or

9      hear or know the things testified to;

10             (2) the witness's memory;

11             (3) the witness's manner while testifying;

12             (4)  the  witness's  interest  in  the  outcome  of  the  case,

13     if any;

14             (5) the witness's bias or prejudice, if any;

15             (6)  whether  other  evidence  contradicted  the  witness's

16     testimony;

17             (7)  the  reasonableness  of  the  witness's  testimony  in

18     light of all the evidence; and

19             (8) any other factors that bear on believability.

20             The  weight  of  the  evidence  as  to  a  fact  does  not

21     necessarily depend on the number of witnesses who testify.  What

22     is  important  is  how  believable  the  witnesses  were,  and  how  much

23     weight you think their testimony deserve.

24

25

26

27

28
                                    31

1

**INSTRUCTION NO. 10**

2          You are here only to determine whether the defendants

3    are guilty or not guilty of the charges in the superseding

4    indictment.   The defendants are not on trial for any conduct or

5    offense not charged in the superseding indictment.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 11

A separate crime is charged against one or more of the defendants in each count.   The charges have been joined for trial.   You must decide the case of each defendant on each crime charged against that defendant separately.   Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

1

**INSTRUCTION NO. 12**

2          The Russian language has been used during this trial.

3          The evidence you are to consider is only that provided

4   through the official court translators.  Although some of you may

5   know the Russian language, it is important that all jurors

6   consider the same evidence.  Therefore, you must accept the

7   evidence presented in the English translation and disregard any

8   different meaning.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                        **INSTRUCTION NO. 13**

2              The defendants are charged in Counts One through

3   Twenty-Four of the superseding indictment with wire fraud in

4   violation of Section 1343 of Title 18 of the United States Code.

5   In order for a defendant to be found guilty of that charge, the

6   government must prove each of the following elements beyond a

7   reasonable doubt:

8              First, the defendant knowingly participated in or

9   devised a scheme or plan to defraud, or a scheme or plan for

10  obtaining money or property by means of false or fraudulent

11  pretenses, representations, or promises;

12             Second, the statements made or facts omitted as part of

13  the scheme were material; that is, they had a natural tendency to

14  influence, or were capable of influencing, a person to part with

15  money or property;

16             Third, the defendant acted with the intent to defraud,

17  that is, the intent to deceive or cheat; and

18             Fourth, the defendant used, or caused to be used, an

19  interstate wire communication to carry out or attempt to carry

20  out an essential part of the scheme.

21             In determining whether a scheme to defraud exists, you

22  may consider not only the defendant's words and statements, but

23  also the circumstances in which they are used as a whole.  A

24  wiring is caused when one knows that a wire will be used in the

25  ordinary course of business or when one can reasonably foresee

26  such use.  It need not have been reasonably foreseeable to the

27  defendant that the wire communication would be interstate in

28  nature.  Rather, it must have been reasonably foreseeable to the

                                35

defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

A charge of wire fraud can be premised on an interstate wire that, although not sent by the defendant, was incident to an essential part of the scheme.

1

**INSTRUCTION NO. 14**

2          The defendants are charged in Counts Twenty-Five and

3    Twenty-Six of the superseding indictment with mail fraud in

4    violation of Section 1341 of Title 18 of the United States Code.

5    In order for a defendant to be found guilty of that charge, the

6    government must prove each of the following elements beyond a

7    reasonable doubt:

8          First, the defendant knowingly participated in or

9    devised a scheme or plan to defraud, or a scheme or plan for

10   obtaining money or property by means of false or fraudulent

11   pretenses, representations, or promises;

12          Second, the statements made or facts omitted as part of

13   the scheme were material; that is, they had a natural tendency to

14   influence, or were capable of influencing, a person to part with

15   money or property;

16          Third, the defendant acted with the intent to defraud;

17   that is, the intent to deceive or cheat; and

18          Fourth, the defendant used, or caused to be used, the

19   mails to carry out or attempt to carry out an essential part of

20   the scheme.

21          In determining whether a scheme to defraud exists, you

22   may consider not only the defendant's words and statements, but

23   also the circumstances in which they are used as a whole.

24          A mailing is caused when one knows that the mails will

25   be used in the ordinary course of business or when one can

26   reasonably foresee such use.  It does not matter whether the

27   material mailed was itself false or deceptive so long as the mail

28   was used as a part of the scheme, nor does it matter whether the

scheme or plan was successful or that any money or property was obtained.

A charge of mail fraud can be premised on a mailing that, although not sent by the defendant, was incident to an essential part of the scheme.

**INSTRUCTION NO. 15**

Defendant Ruslan Kirilyuk is charged in Count Twenty-Seven of the superseding indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code.   In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed or used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to Count Twenty-Four, wire fraud.

The Government need not establish that the means of identification of another person was stolen.

**INSTRUCTION NO. 16**

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

**INSTRUCTION NO. 17**

An intent to defraud is an intent to deceive or cheat.

1                          **INSTRUCTION NO. 18**

2          An act is done knowingly if the defendant is aware of the

3   act and does not act through ignorance, mistake, or accident.

4   The government is not required to prove that the defendant knew

5   that his acts or omissions were unlawful.  You may consider

6   evidence of the defendant's words, acts, or omissions, along with

7   all the other evidence, in deciding whether the defendant acted

8   knowingly.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 19**

The superseding indictment charges that the offense alleged Counts One through Twenty-Seven were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Twenty-Seven, respectively, of the superseding indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1

**INSTRUCTION NO. 20**

2          You have heard testimony that the defendant made a
3    statement.   It is for you to decide (1) whether the defendant
4    made the statement, and (2) if so, how much weight to give to it.
5    In making those decisions, you should consider all the evidence
6    about the statement, including the circumstances under which the
7    defendant may have made it.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 21**

You have heard evidence that [defendant] made one or more statements to [witness names].  This evidence has been admitted only for the limited purpose of establishing the guilt of [defendant], following all of my other instructions. Therefore, you must consider it only for that limited purpose and not for any other purpose.

You may not consider the statements made by [defendant] to determine the guilt of any other defendant.

45

**INSTRUCTION NO. 22**

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant[s].  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant[s].

**INSTRUCTION NO. 23**

For reasons that do not concern you, the case against codefendant [name] is no longer before you.  Do not speculate why.  This fact should not influence your verdict[s] with reference to the remaining defendant[s], and you must base your verdict[s] solely on the evidence against the remaining defendant[s].

**INSTRUCTION NO. 24**

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, and absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

1

2                           **INSTRUCTION NO. 25**

3              You have heard evidence that the defendant has

4  previously been convicted of a crime.  You may consider that

5  evidence only as it may affect the defendant's believability as a

6  witness.  You may not consider a prior conviction as evidence of

7  guilt of the crime for which the defendant is now on trial.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 26**

2          You have heard evidence that [name of witness], a

3   witness, [specify basis for impeachment].   You may consider this

4   evidence in deciding whether or not to believe this witness and

5   how much weight to give to the testimony of this witness.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 27**

2          You  have  heard  testimony  from  [name  of  witness],  a
3    witness who

4          [received  [benefits]  [compensation]  [favored  treatment]
5    from the government in connection with this case];

6          [[admitted being] [was alleged to be] an accomplice to
7    the  crime  charged.   An  accomplice  is  one  who  voluntarily  and
8    intentionally joins with another person in committing a crime];

9          [pleaded  guilty  to  a  crime  arising  out  of  the  same
10   events for which the defendant is on trial.  This guilty plea is
11   not evidence against the defendant, and you may consider it only
12   in determining this witness's believability].

13         For  [this]  [these]  reason[s],  in  evaluating  the
14   testimony of [name of witness], you should consider the extent to
15   which or whether [his] [her] testimony may have been influenced
16   by [this] [any of these] factor[s].   In  addition,  you  should
17   examine the testimony of [name of witness] with greater caution
18   than that of other witnesses.

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 28**

You have heard testimony from [an informant] who was involved in the government's investigation in this case.   Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.   Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

1

**INSTRUCTION NO. 29**

2        You [have heard] [are about to hear] testimony from

3  [*name*] who [testified] [will testify] to opinions and the reasons

4  for [his] [her] opinions.   This opinion testimony is allowed

5  because of the education or experience of this witness.

6        Such opinion testimony should be judged like any other

7  testimony. You may accept it or reject it, and give it as much

8  weight as you think it deserves, considering the witness's

9  education and experience, the reasons given for the opinion, and

10  all the other evidence in the case.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 30**

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 31**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 32**

Certain charts and summaries have been admitted in evidence.   Charts and summaries are only as good as the underlying supporting material.   You should, therefore, give them only such weight as you think the underlying material deserves.

1

**INSTRUCTION NO. 33**

2          The evidence that defendant immediately fled after

3    having been investigated for committing a crime in the United

4    States in the circumstances, if proven, can be considered by the

5    jury as showing consciousness of guilt on the part of the

6    defendant.

7          In your evaluation of this evidence of flight, you may

8    consider that there may be reasons fully consistent with

9    innocence that could cause a person to flee.   Fear of law

10   enforcement, a reluctance to become involved in an investigation

11   may cause a person who has committed no crime to immediately flee

12   himself.   Whether or not evidence of flight on the part of the

13   defendant causes the jury to find a consciousness of guilt on his

14   part, and the significance of any of the consciousness of guilt

15   is entirely up to you as the sole judges of the facts of the

16   case.

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 34**

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.   Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.   Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
**INSTRUCTION NO. 35**

2          Some of you have taken notes during the trial.  Whether

3 or not you took notes, you should rely on your own memory of what

4 was said. Notes are only to assist your memory.  You should not

5 be overly influenced by your notes or those of your fellow

6 jurors.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 36**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1

**INSTRUCTION NO. 37**

2          A verdict form has been prepared for you.  After you

3 have reached unanimous agreement on a verdict, your presiding

4 juror should complete the verdict form according to your

5 deliberations, sign and date it, and advise the Court Security

6 Officer that you are ready to return to the courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 38**

2          If it becomes necessary during your deliberations to

3    communicate with me, you may send a note through the Court

4    Security Officer, signed by any one or more of you.  No member of

5    the jury should ever attempt to communicate with me except by a

6    signed writing, and I will respond to the jury concerning the

7    case only in writing or here in open court.  If you send out a

8    question, I will consult with the lawyers before answering it,

9    which may take some time.  You may continue your deliberations

10   while waiting for the answer to any question.  Remember that you

11   are not to tell anyone——including me——how the jury stands,

12   numerically or otherwise, on any question submitted to you,

13   including the question of the guilt of the defendant, until after

14   you have reached a unanimous verdict or have been discharged.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4                  UNITED STATES DISTRICT COURT

5                 EASTERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,        No. 2:14-cr-0083-GEB

8              Plaintiff,

9        v.                          **DURING TRIAL INSTRUCTIONS IF**
                                     **APPLICABLE**
10  MIHRAN MELKONYAN, RUSLAN
    KIRILYUK, and ALEKSANDR
11  MASLOV,

12             Defendants.

13

14                    **INSTRUCTION NO. 1**

15        We are about to take our first break.  Remember, until

16  the  trial  is  over,  do  not  discuss  this  case  with  anyone,

17  including  your  fellow  jurors,  members  of  your  family,  people

18  involved in the trial, or anyone else, and do not allow others to

19  discuss the case with you.  This includes discussing the case in

20  Internet chat rooms or through Internet blogs, Internet bulletin

21  boards, emails or text messaging.  If anyone tries to communicate

22  with you about the case, please let me know about it immediately.

23  Do  not  read,  watch,  or  listen  to  any  news  reports  or  other

24  accounts about the trial or anyone associated with it, including

25  any  online  information.   Do  not  do  any  research,  such  as

26  consulting dictionaries, searching the Internet or using other

27  reference materials, and do not make any investigation about the

28  case  on  your  own.   Finally,  keep  an  open  mind  until  all  the

                                63

evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [clerk] to give to me.

**INSTRUCTION NO. 2**

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**INSTRUCTION NO. 3**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

1

**INSTRUCTION NO. 4**

2          The court has decided it is not necessary to receive

3 evidence of the fact that [insert fact noticed e.g., the city of

4 San Francisco is north of the city of Los Angeles] [because this

5 fact is of such common knowledge].  You may, but are not required

6 to, accept this fact as true.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 5**

2          You are about to [hear] [watch] a recording that has
3    been received in evidence.   A transcript of the recording is
4    being provided to help you identify speakers and to help you
5    decide what the speakers say.   Remember that the recording is the
6    evidence, not the transcript.   If you hear something different
7    from  what  appears  in  the  transcript,  what  you  heard  is
8    controlling.   Listen  carefully;  the  transcript  will  not  be
9    available during your deliberations.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 6**

You are about to hear a recording in the Russian language. A transcript of the recording has been admitted into evidence. The transcript is an official English-language translation of the recording.

Although some of you may know the Russian language, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript even if you would translate it differently.

1

**INSTRUCTION NO. 7**

2        You are about to hear testimony of a witness who will

3 be testifying in the Russian language.   This witness will testify

4 through the official court interpreter.   Although some of you may

5 know Russian language, it is important that all jurors consider

6 the same evidence.   Therefore, you must accept the official

7 English translation of the witness's testimony even if you would

8 translate it differently.    In  this  way,  all  jurors  are

9 considering the same evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 8**

You are about to hear evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, and absence of accident, and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

**INSTRUCTION NO. 9**

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**INSTRUCTION NO. 10**

You have heard evidence that a photo of the defendant was shown to [name of witness].  You may consider this evidence only for [specify admissible purpose] and not for any other purpose.  [Because the government obtains photos of many people from many different sources and for many different purposes, you must not infer the defendant committed this or any other crime from the fact that the government obtained and displayed the defendant's photo.]

**INSTRUCTION NO. 11**

You are about to hear evidence that [defendant name] made one or more statements to the witness.  I instruct you that this evidence is admitted only for the limited purpose of establishing the guilt of [defendant name] and, therefore, you must consider it only for that limited purpose and not for any other purpose.  You may not consider the statements made by [defendant name] to determine the guilt of [any of the other defendants].