UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>MIHRAN MELKONYAN,<br><br>        Defendant. | No. 2:14-cr-83-GEB<br><br>**ORDER DENYING DEFENDANT MIHRAN MELKONYAN'S MOTION FOR NEW TRIAL** |

      Defendant Mihran Melkonyan moves for a new trial based on newly discovered evidence and ineffective assistance of counsel. A defendant may move to "vacate any judgment" and seek an order granting "a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

      Melkonyan's argues two claims support his motion: first, that newly discovered evidence from co-defendant Ruslan Kirilyuk "exonerate[s]" him, Motion at 17-18, and second, that his counsel was constitutionally ineffective in violation of the Sixth Amendment, Motion at 18-34.

      Melkonyan's has not met has burden on his first claim. "To prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must satisfy a five-part test: '(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be

1

material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.'" United States v. Harrington, 410 F.3d 598, 601, (9th Cir. 2005).

The argued new evidence upon which Defendant relies are conclusory assertions of a co-defendant which have not been shown to be evidence that would "probably result in acquittal." Id. at 410 F.3d 601.

Nor has defendant shown that his second claim is a sufficient basis for granting his motion. Allowing Melkonyan to litigate his ineffective assistance of counsel claims prior to entry of judgment is inconsistent with "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial [which] is by collateral attack on the conviction . . ." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). As the Ninth Circuit states in Pirro: "We . . . have rejected the use of direct appeal for ineffective assistance of counsel claims, except in limited circumstances where the record is sufficiently developed." Id. Here the record is not sufficiently developed.

Therefore, Defendant's motion is denied, and the October 19, 2018 hearing on the motion is vacated.

Dated: October 16, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge